UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| BRIAN SHERVEN, | Case No. 3:17-cv-00741-LRH-CBC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Brian Sherven is before the court on respondents' motion to dismiss the petition (ECF No. 10). Sherven did not file a response to the motion.

## I.    Procedural History and Background

Sherven pleaded guilty to two counts of attempted lewdness with a child under the age of fourteen years (exhibit 6, pp. 9-10).[1] The state district court sentenced Sherven to an aggregate sentence of 14 to 35 years. *Id.* Judgment of conviction was filed on November 9, 2012. *Id.*

Sherven filed a *pro per* state postconviction petition for writ of habeas corpus in August 2016. Exh. 2. He argued that the Nevada Department of Corrections (NDOC) failed to deduct statutory credits from his minimum term of imprisonment in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Id. The state district denied the petition, and the Nevada Court of Appeals affirmed the denial. Exhs. 10, 23.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF No. 11.

1    Sherven dispatched his federal habeas petition for filing on or about December 27,

2    2017 (*See* ECF No. 7, p. 12).  Respondents argue that neither ground is cognizable in

3    federal habeas corpus and that ground 2 is unexhausted (ECF No. 10).

4    **II.    Legal Standards & Analysis**

5        **a.  Claims Cognizable in Federal Habeas Corpus**

6    A state prisoner is entitled to federal habeas relief only if he is being held in custody

7    in violation of the constitution, laws or treaties of the United States.  28 U.S.C. §

8    2254(a).  Unless an issue of federal constitutional or statutory law is implicated by the

9    facts presented, the claim is not cognizable under federal habeas corpus.  *Estelle v.*

10   *McGuire*, 502 U.S. 62, 68 (1991).  A petitioner may not transform a state-law issue into

11   a federal one merely by asserting a violation of due process.  *Langford v. Day*, 110 F.3d

12   1380, 1381 (9th Cir. 1996).  Alleged errors in the interpretation or application of state

13   law do not warrant habeas relief.  *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir.

14   2004).

15   **Grounds 1 and 2**

16   Here, in ground 1 Sherven argues that the NDOC has failed to deduct statutory

17   credits (good time) from his minimum term of imprisonment in violation of his Fifth,

18   Sixth, and Fourteenth Amendment rights (ECF No. 7, pp. 3-7).  In ground 2 he asserts

19   that the NDOC is violating his Fourteenth Amendment equal protection rights by

20   calculating his credits differently than the credits of similarly situated individuals.  *Id*. at

21   9-10.  Respondents argue that these are solely issues of the application of state law

22   (ECF No. 6, p. 2).

23   Whether a state court properly applies its own law is not a federal constitutional

24   concern reviewable under 28 U.S.C. § 2254(a).  *Clemons v. Mississippi*, 494 U.S. 738,

25   747 (1990); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990).  This court agrees that

26

27

28

both grounds present questions of state law, and therefore, are not cognizable in federal habeas corpus.[2]

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520

---

[2] This court also notes that these claims also appear noncognizable in federal habeas because success on the merits of the claims "would not necessarily lead to immediate or speedier release" as it would not necessarily lead to a grant of parole. *Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. 2016).

(1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 2**

Respondents additionally argue that ground 2 – the claim that NDOC is violating Sherven's equal protection rights by calculating his credits differently than the credits of similarly situated individuals -- is unexhausted (ECF No. 10, pp. 2-4).  Sherven presented a single claim in his state postconviction petition – federal ground 1.  Exh. 2. Sherven did not present federal ground 2 to the highest state court, or indeed, to any state court.  *See* exh. 2, 18, 23.  Accordingly, ground 2 is also unexhausted.

This court grants respondents' motion to dismiss the petition because both grounds present questions of state law and do not state a claim for which federal habeas relief may be granted.

III.   **Certificate of Appealability**

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of

appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and ruling in dismissing Sherven's petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED**. The petition is dismissed.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 30th day of April, 2019.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE